```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

MARK TIBURZI and                )
CHERYL TIBURZI,                 )
                                )
         Plaintiffs,            )
                                )
    v.                          )    No. 4:08 CV 1151 DDN
                                )
HOLMES TRANSPORT, INC.,         )
HOLMES TRANSPORT AND            )
LOGISTICS, LLC, and             )
JEFFREY D. KNIGHT,              )
                                )
         Defendants,            )
                                )
    and                         )
                                )
FAMOUS FOOTWEAR/BROWN SHOE      )
COMPANY, INC.,                  )
                                )
         Intervenor.            )

**MEMORANDUM AND ORDER**

This action is before the court upon the December 23, 2009 motions of plaintiffs to compel responses to discovery by defendant Jeffrey D. Knight (Doc. 66) and for sanctions for the failure of defendant Holmes Transport, Inc., to respond to discovery requests (Doc. 67). Plaintiffs seek post-judgment information in an effort to satisfy the judgment entered in this action. A hearing was held on these motions on January 5, 2010. At the hearing, counsel for the defendants agreed that the facts alleged in the motions were correct.

On October 16, 2009, plaintiffs propounded post-judgment discovery requests to defendant Holmes Transport, Inc., and on November 2, 2009, to defendant Jeffrey D. Knight. On November 4, 2009, plaintiffs propounded requests for discovery to Occidental Fire and Casualty Company of North Carolina in a separate action in Missouri state court for equitable garnishment seeking policy proceeds in partial satisfaction of the judgment against defendants. No response was made to the discovery requests by either of the defendants or by Occidental Fire and Casualty within the time provided by law.

On December 8, 2009, plaintiffs' counsel spoke with attorney Gary Wiseman, who represents both defendants and the insurance company, and wrote him on December 9, 2009, about the delinquent responses to the

requests for information.  No response to the discovery requests was made by the time the motions to compel were filed.  And no response had been filed by the time of the hearing on the motions.

At the hearing additional counsel entered her appearance to represent the defendants along with attorney Wiseman.  And at the hearing, defendants made assurances that responses to the discovery requests would be provided forthwith.  Attorney Wiseman stated that the discovery requests had not been forwarded to the defendants by his office and that he and not his clients were at fault for the failure of the defendants to respond to the discovery requests.

The motion to compel and for sanctions have been confessed and will be granted.  Under Federal Rule of Civil Procedure 37(a)(5)(A), the prevailing movants are entitled to the award of reasonable expenses, including attorney's fees.  Plaintiffs' counsel has filed his uncontested affidavit supporting an award of $1,476.00 as a reasonable attorney's fee for approximately 8.2 hours of legal work to prosecute the instant motions.  At the hearing, counsel for plaintiffs also made a request for satisfaction for an outstanding claim for $342.36, the cost of a copy of plaintiff Mark Tiburzi's medical records which plaintiffs provided to defendants before the trial of this action; this claim was also confessed by defendants at the hearing.

Upon the record before the court, it is appropriate that attorney Gary E. Wiseman, counsel for the defendants, pay this amount to plaintiffs' counsel either within 14 days or within another period of time agreed to by Mr. Wiseman and counsel for plaintiffs.

Therefore,

**IT IS HEREBY ORDERED** that the motions of plaintiffs to compel responses to discovery by defendant Jeffrey D. Knight (Doc. 66) and for sanctions for the failure of defendant Holmes Transport, Inc., to respond to discovery requests (Doc. 67) are sustained as follows below.

**IT IS FURTHER ORDERED** that the defendants shall forthwith respond to any unanswered requests for discovery propounded by the plaintiffs.

**IT IS FURTHER ORDERED** that defendants' counsel, Gary E. Wiseman, Esq., pay to plaintiffs' counsel, James E. Whaley, Esq., and the Brown

and James, P.C., law firm, the sum of $1,476.00 within 14 days or within another period of time agreed to by both said counsel.

**IT IS FURTHER ORDERED** that defendants forthwith pay plaintiffs' counsel the sum of $342.36, the expense of copying documents.


      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 11, 2010.